**No. 59314.**—Robert Badenhop Corporation *v.* United States, protest 191119–K (Philadelphia).

WILSON, Judge: The protest in this case covers 25 bales of scoured wool out of a shipment of 73 bales imported from Argentina. The bales in question were

assessed with duty under paragraph 1102 (b) of the Tariff Act of 1930 as scoured wool at the rate of 37 cents per pound on a clean content yield of 99.59265 percent.

Plaintiff does not dispute the classification of the imported merchandise as scoured wool at the applicable rate of 37 cents per pound but contends, however, that the clean content yield of 99.59265 percent is excessive and that duty at the applicable rate should be assessed on a clean content yield of 94.4 percent, as disclosed by a customs laboratory report covering the merchandise, with a further allowance, pursuant to instructions of the Bureau of Customs contained in T. D. 53159, which would result in a clean content yield of 93.6 percent. Alternatively, plaintiff claims that, if the procedure adopted herein by the collector in determining the clean content yield of the involved merchandise is proper, then, in accordance with the instructions contained in the aforesaid T. D. 53159, the merchandise should be held dutiable at the applicable rate on the basis of a clean content yield of 98.79265 percent, instead of a clean content yield of 99.59265 percent, as found on liquidation.

The following stipulation was entered into between counsel for the respective parties:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto that for duty purposes the clean content of the 25 bales of wool, the subject matter of the above protest, as determined in accordance with the instructions contained in T. D. 53159 and Bureau of Customs Circular Letter No. 2827 (Supp. 2) dated March 6, 1953, is as follows:

If the court finds that the primary contentions of the plaintiff are without merit—98.79265% clean content (liquidated at 99.59265% clean content).

If the court finds that the primary contentions of the plaintiff are meritorious— 93.6% clean content (laboratory report shows 94.4%).

In *United States* v. *Fred Whitaker Company, Inc.*, 40 C. C. P. A. (Customs) 19, C. A. D. 492, our appellate court held that the expression "clean content," contained in paragraph 1102 (b) of the Tariff Act of 1930, was intended by Congress to mean the "commercial yield" of imported wool, that is, as the court stated, "* * * the wool from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost" as a result of commercially applied cleaning processes. Supplementing the aforesaid ruling of our appellate court, the definition of "clean content" of imported wool and hair contained in section 13.11 (*a*) (1), Customs Regulations of 1943 (19 CFR §13.11 (*a*) (1)), was amended by the Bureau of Customs in T. D. 53159, *supra*, so as to prescribe that wool or hair fibers ordinarily lost during commercial cleaning operations shall not fall within the meaning of that expression.

As indicated by the stipulation entered into, *supra*, the clean content of the 25 bales of wool here in question for duty purposes, in accordance with the instructions aforesaid, is 98.79265 percent of clean content, if the procedure adopted herein by the collector is correct, and, if the plaintiff's claim is upheld, then, the clean content of the involved merchandise is 93.6 percent.

The deputy collector in charge of the liquidating division of the collector's office at the time the involved entry was made testified that the percentage of clean content used for the imported wool was 94.4 percent, the overall percentage, as found by the customs laboratory, covering 2 lots, amounting to 73 bales of wool, including the 25 bales involved in this protest. He stated, however, that, in making the determination for the clean content of the involved wool, no allowance was made for waste material in accordance with the holding of our appellate court in the *Fred Whitaker Company, Inc.*, case, *supra* (R. 3).

Explaining the method employed in obtaining a sample of the wool used in determining the clean content of the merchandise, the witness stated that 1 core

was taken out of each bale in the shipment. He then stated that 48 of the bales included in the 2 lots covered by this shipment were liquidated on a clean content ·yield of 91.46264 percent and that the 25 bales here in question were liquidated on a clean content yield of 99.59265 percent (R. 5).

As further disclosed by the record, the clean content of the involved 25 bales of wool on the basis of 99.59265 percent was arrived at in the following manner:

X Q. Will you please explain how these two contents were arrived at?— A. There were two lots invoiced, one lot of 48 bales we took the invoiced quantity of the 48 bales and the invoice yield of those 48 bales, then we took the invoice weight of the 25 bales; we added the two together and found out what the clean content of the whole 73 bales amounted to because each bale was cored; you had 73 bales cored and that coring showed 94.4% clean content; what we did, we took the invoice weight of the 25 bales and the invoice weight of the 48 bales, added the two together and multiplied that by the laboratory clean content of 94.4% showed we had so many pounds clean content according to the invoice weights; then we took the weigher's weights and figured it at 94.4% which was the actual dutiable quantity of the entire lot; then we proportioned the clean content against the two weights.

The substance of the importer's claim in this case is that the collector improperly calculated the clean content of the 25 bales of wool under consideration, resulting in an assessment of duty on an excessive clean content yield. In this connection, the "REPORT OF COLLECTOR ON PROTEST," contained among the official papers, discloses the following:

Clean content.
The importation consisted of 73 bales of scoured wool. Laboratory report on . entire importation was 94.4% clean content, 48 bales were invoiced 90% yield and 28 [Note: Should read "25"] bales 98% yield. The 48 bales were liquidated on an adjusted yield of 91.46264% and the 28 [Note: Should read "25"] bales @ 99.59265, the entire importation being liquidated on 94.4% yield.

The aforesaid record discloses that the collector first of all took the weight of each lot in the total shipment, as given on the invoice, and added them together to get the total invoice weight, which total was multiplied by the laboratory clean content percentage of 94.4 to determine the number of pounds of clean content according to the weights, as given on the invoice; then, the laboratory clean content percentage of 94.4 was applied to the actual weight of the entire shipment, as found by the weigher, giving the actual number of pounds of clean content upon which duty was properly assessable upon the entire lot. The collector thereupon proportioned the clean content against the weight of each lot in the shipment, resulting in an adjusted yield of 91.46264 percent for the 48 bales and an adjusted yield of 99.59265 percent for the 25 bales, reflecting the 94.4 percent clean content yield on the entire shipment.

We find nothing improper in the action of the collector in liquidating the 25 bales here under consideration at a clean content yield proportioned as to the weight of the merchandise and based on an overall percentage of clean content, viz, 94.4 percent, as found by the laboratory. We are not here deciding as to any adjustment with respect to any transferees of the merchandise. The fact remains that liquidation of the imported merchandise was correctly made on the basis of a proper percentage of clean content, as determined from a representative sample. The fact that the clean content yield was apportioned as to the respective weights in each lot did not operate to deprive the importer of any right to which it was entitled, and the plaintiff has failed to establish that the method here pursued on liquidation was violative of any customs rules or regulations or that it contravened any law. The importer was properly chargeable with a clean content yield of 94.4 percent on the entire shipment. That was what was properly done in the present case.

The protest claim that the 25 bales of wool in question are properly assessable at the applicable rate upon the basis of a clean content yield of 94.4 percent, is overruled.

In view of our holding herein and in accordance with the stipulation entered into between the respective parties, we find that the involved 25 bales of wool, which were liquidated on a clean content yield of 99.59265 percent, are, pursuant to the instructions contained in T. D. 53159, *supra*, properly assessable for duty under paragraph 1102 (b) of the Tariff Act of 1930 at the rate of 37 cents per pound of clean content on the basis of a clean content yield of 98.79265 percent, as claimed. To such extent, the protest is sustained.

Judgment will be entered accordingly.